Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 442 | DATE | 6/2/2004 |
| CASE TITLE | UAL Corp vs. US Bank Natl Assoc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, the 9/25/03 order of the bankruptcy court is not appealable, and therefore the appeals are dismissed. Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order attached to the original minute order.]

✓ No notices required, advised in open court.
No notices required.
Notices mailed by judge's staff.
Notified counsel by telephone.
Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate judge.

courtroom deputy's initials: MF

Date/time received in central Clerk's Office

JUN 0 3 2004
date docketed
docketing deputy initials: GMA

Document Number: 4

DOCKETED
JUN 0 3 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> UAL CORPORATION, et al., ) <br> ) <br> Debtors/Appellees. ) <br> _____ ) <br> ) <br> U.S. BANK NATIONAL ASSOCIATION, ) <br> ) <br> Appellant/Cross-Appellee, ) <br> ) <br> v. ) <br> ) <br> UAL CORPORATION, et al., ) <br> ) <br> Appellee/Cross-Appellant. ) | Case No. 04 C 0067 <br> 04 C 0442 <br><br> Honorable John W. Darrah |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the appeal of an order of the bankruptcy court of September 25, 2003, by U.S. Bank National Association. The debtors, UAL Corporation, *et al.*, also filed a cross-appeal. For the reasons that follow, the appeal is dismissed for lack of jurisdiction.

In 1991, United Airlines, Inc., a debtor, entered into an agreement with respect to the financing of an aircraft bearing the registration number N643UA. In May 1998, United also entered into leveraged lease transactions with respect to aircraft bearing the registration numbers N321UA and N322UA (together with the aircraft bearing the registration number N643UA, the "Subject Aircraft"). U.S. Bank acts as the indenture trustees in connection with each of the Subject Aircraft.

On December 9, 2002, the Debtors each filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code. At the time of the bankruptcy filing, the Debtors operated a fleet of approximately 460 aircraft subject to the provisions of Section 1110 of the Bankruptcy

4

Code. As the February 7, 2003 expiration of the Debtor's 60-day period under Section 1110 approached, the Debtors had not reached agreements under Section 1110(b) to extend the automatic stay for numerous aircraft in their fleet. With respect to these aircraft not covered by a Section 1110(b) stipulation, the Debtors had two options: (a) make an election under Section 1110(a) to extend the automatic stay; or (2) decline to make an election, allowing the termination of the automatic stay and rendering the aircraft subject to immediate repossession to the extent authorized under the applicable lease or financing agreement.

On January 29, 2003, the Debtors filed a motion (the "Section 1110 Motion") seeking entry of an order: (1) approving the Debtors' agreement to perform their obligations with respect to aircraft for which they made a Section 1110(a) election; (2) authorizing the Debtors to make such payments as were necessary to cure defaults and retain protection of the automatic stay pursuant to the Section 1110(a) elections; and (3) authorizing the Debtors to enter into stipulations extending the 60-day period under Section 1110(b).

On February 6, 2003, the day before the expiration of the 60-day period provided for in Section 1110(a)(2), the bankruptcy court held a hearing on the Debtors' Section 1110 Motion. On February 7, 2003, the bankruptcy court entered an order granting the Section 1110 Motion. That same day, the Debtors served on U.S. Bank Notices of Election Pursuant to Section 1110(a) of the Bankruptcy Code with respect to each of the Subject Aircraft. The Debtors did not cure defaults owed to U.S. Bank. Debtors allege that when they entered into the 1110(a) agreements with U.S. Bank, they were unaware that payments of over $1 million had become due on the Subject Aircraft on November 27, 2002. The Debtors did not, and have not, cured these defaults.

In May 2003, the Debtors failed to make the regularly scheduled rental payments under the terms of the leases for each of the Subject Aircraft. On May 23, 2003, the Debtors and U.S. Bank entered into agreements denominated Interim Adequate Protection Stipulations with respect to the Subject Aircraft. Through the Interim Adequate Protection Stipulations, the Debtors agreed, in part, to make monthly payments to U.S. Bank in exchange for the right to retain possession of the Subject Aircraft. U.S. Bank also reserved all of its rights to seek full payment of all rents and other amounts due under each of the Subject Aircraft leases.

In May and June 2003, U.S. Bank filed motions (the "Administrative Claims Motions") requesting payment of the pre-petition and post-petition rental payments due under the terms of the leases for the Subject Aircraft. On July 2, 2003, the Debtors filed a consolidated supplemental brief and objection to U.S. Bank's motions. In objection to the motions, the Debtors argued that the sole remedy available to U.S. Bank under Section 1110 was the right to retake possession of the Subject Aircraft and that the 1110(a) agreements were never valid agreements because the Debtors failed to cure the existing defaults under the leases as provided in Section 1110(a).

On July 2, 2003, the Debtors filed a "Conditional Motion" and affidavit seeking Federal Rule of Civil Procedure 60(b) relief if the Debtors' objections to U.S. Bank's Administrative Claims Motions were overruled. In their Consolidated Motion, the Debtors asserted that they entered into the 1110(a) agreements with respect to the Subject Aircraft in the mistaken belief that no defaults existed with respect to the Subject Aircraft as of February 23, 2003. The Debtors further stated that had they realized that there were defaults with respect to the Subject Aircraft, they would not have entered into the 1110(a) agreements. Accordingly, the Debtors argued that their entry into the Section 1110(a) agreements constituted excusable neglect under Rule 60(b); and, therefore, the

bankruptcy court's February 7th order should be partially vacated to allow the Debtors to nullify the 1110(a) agreements with respect to the Subject Aircraft.

On September 25, 2003, the bankruptcy court entered an order granting the Debtors' Conditional Motion and denying U.S. Bank's Administrative Claims Motions. The bankruptcy court ruled that it had the power to, and would, nullify the Debtors' 1110(a) agreements by vacating its prior approval of those agreements of February 7th. The bankruptcy court also awarded U.S. Bank its attorney's fees incurred in the litigation of the Section 1110(a) issue.

Subsequently, U.S. Bank filed a Motion for Reconsideration, seeking reconsideration of the bankruptcy court's September 25th order. On December 19, 2003, the bankruptcy court denied U.S. Bank's Motion to Reconsider as to the court's withdrawing certain findings and "finalized" the September 25th order by awarding the attorney's fees.

On December 24, 2003, U.S. Bank filed its appeal of the September 25, 2003 order; and on January 2, 2004, Debtors filed their cross-appeal of the same order.

Before addressing the merits of the parties' appeals, the Court must first determine whether it has jurisdiction over the appeals. Debtors contend that the Court does not have jurisdiction because the September 25th order was not a final order.

Section 158 of Title 28 provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees." 28 U.S.C. § 158(a)(1). An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Carslon v. Brandt*, 1997 WL 5354500 (N.D. Ill. Aug. 22, 1997) (*Carlson*). In bankruptcy proceedings, the reviewing court looks at the finality of an order with a "relaxed eye" and interprets the finality requirement more liberally under Section 158 than under 28 U.S.C. § 1291.

*See In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1298 (7th Cir. 1997).

> Even without a formal termination of the case, a bankruptcy court's order is final and appealable if it (1) "resolves all contested issues on the merits and leaves only the distribution of the estate assets to be completed," *In re Wade*, 991 F.2d 402, 406 (7th Cir. 1992) . . .; (2) "ultimately determine[s] a creditor's position in the bankruptcy proceeding, even though the administration of the debtor's estate continues," *In re Forty-Eight Insulations*, 115 F.3d [at 1298] . . .; or (3) "mark[s] the conclusion of what, but for the bankruptcy, would be the equivalent of a stand-alone suit" by or against the trustee. *In re Klein*, 940 F.2d 1075, 1077 (7th Cir. 1991).

*Carlson*, 1997 WL 5354500 at * 3.

Based on the above standard, the September 25th order is not final and appealable. The order fails to meet the elements of the above standard: (1) it does not resolve all contested issues on the merits and will not lead to a final distribution of assets; (2) the order does not ultimately determine U.S. Bank's position in the bankruptcy proceeding – the order does not dispose of the leases; and, as conceded by U.S Bank, U.S. Bank may have other claims against the Debtors with respect to the leases – and (3) the order does not mark the conclusion of the equivalent of a stand-alone suit. *See In re Jartran, Inc.*, 886 F.2d 859, 862-63 (7th Cir. 1989) (denial of administrative request not a final, appealable order in light of number of potential disputes between the parties that remain unresolved); *see also, In re Weinschneider*, 2000 WL 28269 (N.D. Ill. Jan. 10, 2000) (order of bankruptcy court not final and appealable because further proceedings could make the contested order moot).

The district courts also have discretion to hear appeals from interlocutory orders and decrees of the bankruptcy court. 28 U.S.C. § 158(a)(3). Generally, courts use the standards set forth in 28 U.S.C. § 1292(b) in determining whether to exercise their discretion under Section 158(a)(3). *See In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995)

(*In re Brand Name*); *BA Leasing Parties v. UAL Corp.*, 2003 WL 22176068 (N.D. Ill. Sept. 15, 2003) (*BA Leasing*). Section 1292(b) provides for appellate review of non-final orders when: (1) the order appealed involves a controlling question of law, (2) there is a substantial ground for difference of opinion on that question of law, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See In re Brand Name*, 878 F. Supp. at 1081.

Leave to appeal an interlocutory order should not be granted absent exceptional circumstances, and granting such an appeal should be done sparingly. *See In re Brand Name*, 878 F. Supp. at 1081; *BA Leasing*, 2003 WL 22176068 at *5.

In the instant case, U.S. Bank, in a footnote, argues that this Court should assume jurisdiction under Section 158(a)(3) because an immediate appeal will materially advance the Debtors' case. U.S. Bank does not address, or even mention, the other elements to be reviewed by this Court as set forth above.

U.S. Bank fails to show that there exists a difficult central question of law which is not settled in the Seventh Circuit. *See In re Brand Names*, 878 F. Supp. at 1081 (in determining whether there are substantial grounds for a difference of opinion with respect to the issue before the court, the court must determine whether there is a difficult central question of law which is not settled by controlling authority of the sitting court); *see also, Kirkland & Ellis v. CMI Corp.*, 1996 WL 674072 (N.D. Ill. Nov. 19, 1996) (denying interlocutory appeal, in part, because the appellant failed to demonstrate that substantial grounds for a difference of opinion on the issue existed).

Furthermore, U.S. Bank has not identified any "exceptional circumstances" that would justify an exercise of jurisdiction over the bankruptcy court's order or that an exercise of jurisdiction would

materially advance the ultimate termination of the litigation. In fact, U.S. Bank concedes that it may have other claims against the Debtors with respect to the same leases. A prompt decision by this Court would not save the parties much time and expense and would not prevent "some irreparable harm" to U.S. Bank. *See BA Leasing*, 2003 WL 22176068 at *5; *In re Huff*, 61 B.R. 678, 683 (N.D. Ill. 1986).

For the foregoing reasons, the September 25, 2003 order of the bankruptcy court is not appealable; and, therefore, the appeals are dismissed.

Date: June 2, 2004

John W. Darrah, Judge
United States District Court